COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-262-CR


PEDRO ANTONIO ESQUIBEL                                                   APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
I. Introduction
        Appellant Pedro Antonio Esquibel appeals from his conviction by a jury for
the offense of indecency with a child by contact. In his sole point, appellant
argues that the trial court erred by denying his motion to suppress his
statements made to a polygraph examiner. We affirm.
 
II. Background Facts
        On July 15, 2002, nine-year-old M.V. and her younger brother and sister
spent the night at Patsy Gipson’s house to watch movies. Gipson is appellant’s
mother and M.V.’s stepdad’s sister. Appellant, who lived with Gipson at the
time, watched movies with the children and slept with them on a “pallet” on
the floor after the movies were over. According to M.V., appellant began
fondling her in the middle of the night. Appellant also took M.V.’s hand and
forced her to fondle him. The next morning, M.V. told appellant’s sister about
the incident. Appellant’s sister told her mother, who then told M.V.’s mother. 
The Arlington Police were notified the next day and began investigating the
incident. 
        On July 22, 2002 Detective Leddy Fowler interviewed appellant in
Detective Fowler’s office. Appellant told Detective Fowler that he awoke in the
middle of the night to find M.V.’s arm on his stomach but that no inappropriate
touching occured. Detective Fowler stopped questioning appellant after he
requested to speak to an attorney. Detective Fowler then spoke to appellant’s
mother, who told him that she did not believe the allegations against appellant
and that Detective Fowler could schedule a date for appellant to take a
polygraph examination. Detective Fowler scheduled the polygraph for August
5, 2002. 
        On August 5, appellant took a polygraph examination. When the
examiner told appellant that his test results were indicative of deception,
appellant told the examiner that he had awakened the night of July 15, 2002
with M.V.’s hand near his penis and that because there was seminal discharge
present, M.V. must have fondled him while he was sleeping. 
        Appellant was charged with two counts of indecency with a child by
contact and one count of indecency with a child by exposure. Appellant filed
a motion to suppress his statements, arguing, among other things, that they
were not “knowingly, intelligently and voluntarily waived” as prescribed by
article 38.22, section 2(a)(4), (5) and section 3 of the Texas Code of Criminal
Procedure. At his pretrial hearing, appellant argued that his statements were
given under duress. The trial court denied appellant’s motion to suppress,
finding that section 38.22 did not apply because appellant was not in custody
when he made the statements. Appellant pled not guilty to the charges against
him, and a jury found him guilty on one count of indecency with a child by
contact. The jury assessed appellant’s punishment at fifteen years’
confinement. 
III. Motion to Suppress
        In his sole point, appellant argues that the trial court erred by denying his
motion to suppress his statements made to the polygraph examiner. Appellant
argues that the statements resulted from a custodial interrogation and were not
recorded as required by article 38.22 of the code of criminal procedure. 
        When reviewing a trial court’s ruling on a motion to suppress a
confession, we defer to the trial court on questions of historical fact and on
application-of-law-to-fact questions that turn on an evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997);
Millslagle v. State, 150 S.W.3d 781, 783 (Tex. App.Austin 2004, pet.
dism’d). We review de novo a trial court’s rulings on mixed questions of law
and fact that do not turn on credibility and demeanor. Guzman, 955 S.W.3d
at 89. The issue of whether appellant was in custody at the time he made his
statements to the polygraph examiner depends on the credibility and demeanor
of the witnesses who testified at appellant’s pretrial hearing. Therefore, we will
review the trial court’s ruling for an abuse of discretion. See id. 
        According to article 38.22 of the code of criminal procedure, “No oral or
sign language statement of an accused made as a result of custodial
interrogation shall be admissible against the accused unless: (1) an electronic
recording, which may include motion picture, video tape, or other visual
recording, is made of the statement.” Tex. Code Crim. Proc. Ann. art. 38.22,
§ 3(a) (Vernon 2005). The State argues that article 38.22 does not apply
because appellant was not in custody when he made his statements to the
polygraph examiner. We agree.
        A person is in custody for purposes of article 38.22 “only if, under the
circumstances, a reasonable person would believe that his freedom of
movement was restrained to the degree associated with a formal arrest.” 
Nenno v. State, 970 S.W.2d 549, 556 (Tex. Crim. App. 1998), overruled on
other grounds by State v. Terrazas, 4 S.W.3d 720, 727 (Tex. Crim. App.
1999). Merely because an accused is questioned at the police station or
submits to and fails a polygraph examination does not necessarily mean the
accused is in custody. See Dowthitt v. State, 931 S.W.2d 244, 255 (Tex.
Crim. App. 1996). According to the court of criminal appeals, the following
four general situations may constitute custody: 
(1) when the suspect is physically deprived of his freedom of action
in any significant way, (2) when a law enforcement officer tells the
suspect that he cannot leave, (3) when law enforcement officers
create a situation that would lead a reasonable person to believe
that his freedom of movement has been significantly restricted, and
(4) when there is probable cause to arrest and law enforcement
officers do not tell the suspect that he is free to leave. 

Id. 
        In the present case, appellant arrived at Detective Fowler’s office on
August 5, 2002 and followed Detective Fowler to the polygraph office. 
Detective Fowler talked to the polygraph examiner, Bobby Jones, about the
background of the case and waited in the lobby while appellant took the
polygraph examination. Detective Fowler testified that appellant was never
under arrest and was free to leave at anytime during the examination. 
        Before the examination began, appellant signed a waiver form, which
stated that the examination was voluntary and that appellant had the right to
refuse the examination. Appellant signed another form that contained a
statement of his Miranda warnings. The second form also contained the
following statements: “I hereby knowingly, intelligently, and voluntarily waive
these rights and, not desiring a lawyer, voluntarily choose to [proceed] with the
polygraph examination interviews and examination,” and “I Pedro Esquibel, do
hereby this date voluntarily and without duress, coercion, unlawful influence or
inducement, or promise of reward of clemency or immunity, request an
examination on the polygraph.” Appellant signed his name below each
statement. 
        Jones administered the test and determined that appellant was not being
truthful. Jones told appellant the results of the test and gave him a chance to
explain his performance. Appellant stated that he awoke the morning of July
15, 2002 with an erection and that M.V. must have fondled him while he was
sleeping. Appellant was then allowed to leave the polygraph office on his own. 
Jones testified that appellant never asked for a lawyer, was not handcuffed,
and was never told that he was not free to leave. 
        Appellant argues that he was in custody when he made the statements
to the polygraph examiner because Detective Fowler believed that she had
probable cause to arrest appellant and because Detective Fowler never told
appellant that he was free to leave. See Dowthitt, 931 S.W.2d at 255. But
according to Dowthitt, this situation does not automatically establish custody. 
Id. “[R]ather, custody is established if the manifestation of probable cause,
combined with other circumstances, would lead a reasonable person to believe
that he is under restraint to the degree associated with an arrest.” Id. 
(emphasis added).
        In Dowthitt, the defendant voluntarily went to the police station to give
a written statement in a murder investigation. Id. at 252. The police then
interrogated the defendant for twelve hours before he admitted to being present
when the murders were committed. Id. at 252-53. During this time, the
defendant took and failed a polygraph examination. Id. at 252. The police
accompanied the defendant when he went to the restroom and ignored his
requests to speak to his wife. Id. at 252, 254. The court of criminal appeals
held that given the length of the interrogation, the existence of factors involving
police control over the defendant, and the defendant’s damaging admission
establishing probable cause for arrest, the defendant was in custody when he
admitted to being present during the murders. Id. at 257. 
        Unlike Dowthitt, appellant was at the polygraph office for only two hours 
and was allowed to leave at the end of the examination. Detective Fowler did
not place appellant in handcuffs or tell him that he was not free to leave. 
Moreover, appellant signed several forms, in which he stated that he had the
right to refuse the examination, that he waived his rights, and that he chose to
proceed with the examination. Under the circumstances, we conclude that
appellant was not in custody when he made his statements to the polygraph
examiner. Therefore, article 38.22 does not apply. We hold that the trial court
did not abuse its discretion by denying appellant’s motion to suppress. 
IV. Conclusion
        Having overruled appellant’s point, we affirm the trial court’s judgment. 

 
                                                                  TERRIE LIVINGSTON
                                                                  JUSTICE
 
PANEL A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.